```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JACKIE DESKINS, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF SHERRIE DESKINS ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF SHERRIE DESKINS,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:08-0788

ALZA CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss. For the reasons set forth more fully below, that motion is **GRANTED.**

## Background

On May 28, 2008, plaintiff Jackie Deskins, as the personal representative of the Estate of Decedent Sherrie Deskins, filed the instant wrongful death action pursuant to West Virginia Code § 55-7-6. Plaintiff named ALZA Corporation ("ALZA"), Novartis Pharmaceuticals Corporation ("Novartis") and Sandoz Inc. ("Sandoz") and Sandoz Pharmaceuticals Corporation ("SPC") as defendants. Plaintiff contended that this court had subject matter jurisdiction over the complaint based on diversity of citizenship. In so doing, plaintiff alleged that he was a

resident of West Virginia and that none of the defendants were West Virginia corporations.[1]

On July 23, 2008, before defendants filed an answer to the complaint, plaintiff filed an amended complaint adding David Carr, D.O. as a defendant. Plaintiff did not allege Dr. Carr's citizenship but did state that he was a resident of West Virginia. Plaintiff also conceded that the court no longer had subject matter jurisdiction over the case. See Amended Complaint ¶ 7 ("When this lawsuit was originally filed, this Court had jurisdiction over this case . . . .").

Defendants have moved to dismiss the case for lack of subject matter jurisdiction because diversity of citizenship no longer exists. Plaintiff contends that the court should defer ruling on the motion to dismiss because it is likely that the claims against Dr. Carr will be governed by the Federal Tort Claims Act ("FTCA") and, therefore, any jurisdictional defects will subsequently be cured.

---

[1] Specifically, plaintiff alleged that: 1) ALZA was a Delaware corporation and its principal place of business was in California; 2) Novartis was a Delaware corporation with a principal place of business in New Jersey; 3) Sandoz was a Colorado corporation with its principal place of business in New Jersey; and 4) SPC was a Colorado corporation with a principal place of business in New Jersey. According to defendants, SPC was the former name of Novartis and no longer exists as a legal entity.

## Analysis

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress."  Bowman v. White, 388 F.2d 756, 760 (4th Cir.), cert. denied, 393 U.S. 891 (1968).  A party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  The Fourth Circuit has explained the importance of establishing the existence of subject matter jurisdiction at all stages of the proceedings:

> Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties.  Accordingly, questions of subject-matter jurisdiction may be raised at any point in the proceedings and may (or, more precisely, must) be raised sua sponte by the court.

Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (internal citations omitted).  Indeed, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

28 U.S.C. § 1332(a)(1) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  The amended complaint fails to establish the requisite diversity between plaintiffs and defendants for jurisdiction under 28 U.S.C. §

3

1332(a)(1). Even overlooking the deficiencies in plaintiff's pleading,[2] it appears that complete diversity does not exist because plaintiff and Dr. Carr are both citizens of West Virginia. Further, the court cannot obtain jurisdiction by waiting to see if the case will evolve into one involving a federal question. Cf. Plyler v. United States, 900 F.2d 41, 42 (1990) ("Since the district court had no jurisdiction at the time the action was filed, it court not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired.").

## Conclusion

Because plaintiff has failed to establish the existence of subject matter jurisdiction, the motion to dismiss is GRANTED. The court will enter a Judgment Order of even date herewith.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 5th day of January, 2009.

ENTER:

David A. Faber
United States District Judge

---

[2] Plaintiff offers no allegation concerning his citizenship, the citizenship of the decedent, or the citizenship of Dr. Carr. Plaintiff does, however, contend all are residents of West Virginia. Accordingly, for purposes of this motion, the court has assumed that all are citizens of West Virginia.